### FOX v. BIERMAN et al. (No. 7070.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924.)

**1. Wills ⚌155(1)—Undue influence which will invalidate will stated.**

Undue influence to invalidate a will must destroy the free agency of the testator, and place him in a position where he is dominated by another, and must act directly on his mind when he executes the will.

**2. Wills ⚌165(2)—Letter written by testatrix, complaining of beneficiary's conduct, held not admissible as evidence of undue influence exercised by beneficiary.**

In proceedings for the probate of a will of proponent's deceased mother, opposed on the ground of undue influence alleged to have been exercised by proponent, letter of testator written two years before her death, complaining of proponent's conduct to her, should have been stricken out, when it was not shown that the conduct complained of was one of a series of acts of ill treatment on the part of proponent, which had awed his mother and broken down her will to such an extent as to make the will not that of testatrix.

**3. Wills ⚌166(1)—Evidence held not to show undue influence.**

Evidence *held* totally to fail to meet the requirements necessary to establish undue influence.

Appeal from District Court, Victoria County; John M. Green, Judge.

Petition by Ben J. Fox proposing for probate the last will and testament of Mrs. C. M. Fox, contested by Maggie Bierman and others. From an order of the district court denying probate, proponent appeals. Reversed and remanded.

R. L. Daniel, J. J. Woodhouse, and E. L. Dunlap, all of Victoria, for appellant.

Fly & Ragsdale, of Victoria, for appellees.

FLY, C. J. This appeal is from an order of the district court of Victoria county denying the probate of the last will and testament of Mrs. C. M. Fox, which was proposed for probate by appellant in the county court, and its probate contested by Maggie Bierman, her husband, Ben Bierman, Will Fox, and J. H. Fox, on the ground of undue influence exercised by proponent. The jury in the county court, under instruction of the county judge, found that no undue influence was used, while on appeal the jury in the district court found that there was undue influence.

[1-3] On January 19, 1922, the will in controversy was executed by Mrs. C. M. Fox, who was the mother of appellant and appellees, Maggie Bierman, Will Fox, and J. H. Fox. The testatrix died on February 3, 1922, about two weeks after the will was executed. A large part of the estate was bequeathed to appellant, Ben J. Fox. There were present when the will was executed James B. McDonald, the attorney who drew the will, and C. R. Ritchie, and J. A. Calahan, the witnesses to the will. Each of them swore that her mind was in its normal condition, and that while she was in bed she wrote her name to the will, and told each of the witnesses that it was her last will. She conversed with them in a sane and pleasant way, and even joked with them. There was nothing to indicate any undue influence at the time of the execution, but the testatrix showed by her actions that it was voluntarily done by her, and even expressed satisfaction at having executed the will. Charles Bass swore that he saw testatrix two or three weeks before her death, and that she talked business with him, and told him in regard to notes she owed him, that "Ben would attend to that." She signed notes at that time, and the witness stated that at the time he "considered her about as sound minded as any person could be." Her nurse, Mrs. J. E. McMaster, swore that testatrix spoke of her daughter-in-law, the wife of appellant, and said that she had been better to her than her own children. She also said that she wanted to leave certain army insurance to Ben, but had been told by her attorney that it could not be done, and that she would leave him something else. The witness stat-

ed that the most cordial relations existed between appellant and wife and the testatrix, and the latter gave her daughter-in-law a watch and a brooch. Not one particle of testimony was introduced to show any undue influence at or near the time when the will was executed. The evidence of appellees was as to matters occurring at least a year and a half before the will was executed, and that only tended to show that appellant was not kind to his mother.

The letter written by the testatrix in 1920 should have been stricken out when it was not shown that the conduct complained of was one of a series of acts of ill treatment on the part of appellant of his mother, which had awed her and broken down her will to such an extent as to make the will not that of the testatrix. No connection between the acts complained of and the execution of the will was shown by the evidence.

As said by this court in Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441:

"Not only was the burden on appellees to establish undue influence, but it devolved upon them to show that it was operating upon the mind of the testator at the time that he executed the will of 1904, and that the execution of the will was the outcome of an influence amounting to moral coercion, which destroyed his volition, and caused him to make a disposition of his property which he did not wish to make."

As said in the same case:

"The 'undue influence' which will invalidate a will consists of substituting the will of the person exercising it for that of the testator. It is an influence which destroys the free agency of this testator, and places him in a position where he is dominated by another, which acted directly on his mind at the very time when he executed the will."

The evidence in this case totally fails to meet these requirements. Norton v. Houston (Tex. Civ. App.) 235 S. W. 963.

Because the evidence failed to show that any undue influence was exerted to procure the execution of the will, the judgment is reversed, and the cause remanded.